

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# USA v. Dooley

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1005

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Dooley" (2002). *2002 Decisions.* Paper 749.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/749

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 01-1005
_____

UNITED STATES OF AMERICA

v.

JOHN DOOLEY,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 99-cr-00013-1)
District Judge: Honorable Malcolm Muir

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 13, 2002

Before: SLOVITER and RENDELL, Circuit Judges
and McCLURE*, District Judge

(Filed:   November 18, 2002)
_____

OPINION OF THE COURT
_____

_____

*Honorable James F. McClure, Jr., United States District Judge for the Middle District of
Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

On August 27, 1999, Appellant John Dooley was found guilty of Count 1 and Count 3 of a three-count indictment filed against him and three co-defendants. Count 1 alleged conspiracy to possess and intent to distribute controlled substances in violation of 21 U.S.C. § § 846 and 841(b)(1)(C). Count 3 alleged possession with intent to distribute a controlled substance and aiding and abetting in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Dooley was sentenced to 84 months imprisonment, consecutive to any sentence he was then currently serving. He now appeals.

Dooley's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), requesting to be relieved as counsel and expressing his belief that Dooley's appeal raises no non-frivolous issues presented for our review. As required by Anders, Dooley's counsel identified four possible issues that might support an appeal. On December 6, 2001, Dooley was advised of his right to file a pro se brief, but failed to do so.

The District Court had jurisdiction based on 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing an Anders brief, the Court's inquiry is twofold: (1) whether counsel adequately examined the record for appealable issues and explained why any arguably appealable issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

Dooley's counsel has met the first requirement under Anders. As noted, counsel identified four possible issues that might arguably support an appeal. After reviewing the trial transcripts, including the presentation of the Government's case and the cases against

Dooley's co-defendants, as well as the specific evidentiary rulings by the District Court, counsel concluded that the issues were wholly frivolous and could not support an appeal.

An independent review of the record also reveals that Dooley's appeal is wholly frivolous. In reviewing the record, we confine our scrutiny to those portions of the record identified in counsel's Anders brief. Youla, 241 F.3d at 301. The four possible issues counsel raises are: (1) whether Dooley's counsel provided ineffective assistance of counsel; (2) whether the evidence was sufficient to convict; (3) whether the testimony of co-defendant Theresa Logan regarding Dooley's prior bad acts was properly admitted; and (4) whether there was a proper computation and imposition of Dooley's sentence. We will address these issues in turn.

First, we find any claim of ineffective assistance of counsel to be frivolous. In his Anders brief, Dooley's counsel asserted that Dooley believed that counsel was ineffective for not objecting to various parts of the testimony of a co-defendant, Theresa Logan, who agreed to a plea bargain and testified for the Government, and for failing to obtain information from interviews conducted by the Government that Dooley believed contained exculpatory information. It is well-established, however, that "claims of ineffective counsel are generally not entertained on direct appeal." United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1988). Except where the ineffectiveness is plain on the face of the record, "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed." United States v. Theodoropoulos, 8676 F.2d 587, 598 (3d Cir. 1989), overruled on other grounds, United States v. Price, 76 F.3d 526

(3d Cir. 1996). We find that any ineffectiveness of counsel is not plain on the face of the record, and, therefore, any challenge in this regard must be pursued in a collateral proceeding.

Next, we conclude that the argument that the evidence was insufficient to convict is entirely frivolous. The testimony of Theresa Logan by itself was sufficient evidence to support the conviction. As we have said, "The evidence does not need to be inconsistent with every conclusion save that of guilt if it does establish a case from which the jury can find the defendant guilty beyond reasonable doubt." United States v. Price, 13 F.3d 711, 731 (3d Cir. 1993), cert. denied, 511 U.S. 1096 (1994) (citations and internal quotations omitted). Here, Logan's testimony revealed that Dooley ordered her to obtain the heroin for smuggling into State Correctional Institution (SCI), Dallas, PA. Reviewing this evidence, it seems clear that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Price, 13 F.3d at 731 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Third, we conclude that any challenge to Theresa Logan's testimony that she had previously smuggled methamphetamine into a prison for Dooley a number of years earlier, elicited without objection on cross-examination by counsel for one of Dooley's co-defendants, is frivolous. Dooley did not object to the admission of the testimony; therefore, we review for plain error. United States v. Stevens, 223 F.3d 239, 242 (3d Cir. 2000). Prior bad acts are properly admitted for purposes other than to show action in conformity therewith, such as for "proof of motive, opportunity, intent, preparation, plan, knowledge,

- 4 -

identity, or absence of mistake or accident," Fed. R. Evid. 404(b), and Logan's testimony could have been admitted for such purposes. Thus, it was not plain error for the District Court to admit Logan's testimony.

Lastly, the imposition of Dooley's sentence also presents no non-frivolous issues for appeal. Because Dooley did not bring any sentencing error to the District Court's attention, we review the District Court's actions for plain error and require a showing that Dooley's substantial rights were prejudiced. Stevens, 223 F.3d at 242. Dooley's counsel examined whether there were any arguable issues regarding the sentence, and after considering Dooley's age and his remaining 20 to 40 years imprisonment for a state conviction for bank robbery, he did not believe that any arguable issues existed in the computation and imposition of concurrent 84-month sentences. We agree. Dooley cannot possibly show prejudice because he received the minimum possible custodial sentence authorized by the Guidelines. As a result, any appeal of his sentence is frivolous.

Accordingly, our review of the record demonstrates no reason to disturb the judgment of the District Court. We find that counsel, as required by Anders, conducted a conscientious review of the record and correctly concluded that there were no non-frivolous issues for appeal. We are satisfied that all requirements of the Anders procedure have been met.

Accordingly, we will GRANT counsel's motion to withdraw and AFFIRM the Order of the District Court.

TO THE CLERK OF COURT:

Please file the foregoing Not Precedential Opinion.

/s/ Marjorie O. Rendell
Circuit Judge